# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **CASSANDRA HESS,** | ) | **CASE NO. 1:18CV2557** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **JUDGE LESLIE CELEBREEZE, et al.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

*Pro se* Plaintiff Cassandra Hess filed this action under 42 U.S.C. § 1983 against Judge Leslie Celebreeze, Magistrate Scott Kitson and Magistrate Patrick Kelly (collectively, "Defendants"). In the Complaint, Plaintiff alleges that Defendants violated her constitutional rights under the Fourteenth and Sixth Amendments and to due process and equal protection of the law. (ECF DKT #1 at 3). Also before the Court is Plaintiff's Motion to proceed *in forma pauperis* (ECF DKT #2), which is granted.

For the reasons that follow, this action is dismissed.

## I. BACKGROUND

According to the Complaint, Judge Leslie Celebreeze is a Domestic Relations judge in Cuyahoga County and Scott Kitson and Patrick Kelly are Domestic Relations magistrates in Cuyahoga County. (ECF DKT #1 at 2). In her brief Complaint, Plaintiff alleges that Defendants "are acting maliciously and corruptly," that she is being harassed and the Defendants are depriving her of due process, equal protection and civil rights. Plaintiff claims that Judge Celebreeze "is not being unbiase[d]" and made statements in pre-trial hearings that suggest the

Judge had already made her decision as to the outcome of the proceedings and that Plaintiff's motions were not answered. Plaintiff also claims that Magistrate Scott Kitson "screams and yells" at her in an attempt to intimidate her and that the Defendants are committing judicial misconduct. (*Id*. at 4). Plaintiff seeks declaratory and injunctive relief, requesting that she be treated fairly, receive due process, her civil rights not be violated and that the Defendants be removed from "my case." With respect to her daughter "Sernity Hess," Plaintiff asks "that its handled in [Juvenile] Court and that all parties involved be held accountable for [their] actions for violating my Civil Rights." (*Id*. at 5).

## II. DISCUSSION

**A. Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B)). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief. *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.").

While *pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers, *pro se* plaintiffs must still satisfy basic pleading requirements and the Court is not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted). A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief, and must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

**B. Plaintiff's § 1983 Claim is Dismissed**

Judges and magistrates are absolutely immune from civil suits for money damages, except in limited circumstances not alleged here. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997) (collecting cases). To the extent that Plaintiff seeks money damages, Defendants are absolutely immune from suit and this case is dismissed pursuant to § 1915(e) on that basis.

To the extent that Plaintiff seeks injunctive and declaratory relief, Plaintiff fails to state a plausible claim upon which relief can be granted and, in any event, the Court may not interfere with state court proceedings or entertain an appeal of state court decisions.

**1. Plaintiff fails to state a plausible § 1983 claim against Defendants**

Plaintiff's claims against Defendants consist of the conclusory statements that they acted "maliciously and corruptly," are harassing Plaintiff, are biased and unethical, have deprived her of due process and equal protection and are committing judicial misconduct. (ECF DKT #1 at 4). Her only non-conclusory factual allegation is that Magistrate Scott Kitson screams and yells at her. *Id.*

Simply listing a defendant in the caption of a complaint and alleging constitutional violations in the body of the complaint is insufficient to state a § 1983 claim for relief. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149 (1978)). Where a person is named as a defendant without factual allegations of specific conduct, the claim against that defendant is subject to dismissal even under the liberal construction afforded to *pro se* pleadings. *Id.*; *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002). A complaint must contain direct or inferential factual allegations respecting all the material elements of some viable legal theory in order to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops*, 859 F.2d 434, 437 (6th Cir. 1988), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001).

Here, Plaintiff's conclusory statements that Defendants violated her constitutional rights and unlawfully harmed her, in the absence of factual allegations that support such claims, are insufficient to state a plausible § 1983 claim for relief and are dismissed pursuant to § 1915(e). *See Iqbal*, 556 U.S. at 678.

**2. The Court many not interfere with state court proceedings or decisions**

Plaintiff seeks declaratory and injunctive relief and asks this Court to remove Defendants from "my case," that her daughter's case be handled in juvenile court and to hold the Defendants accountable for violating Plaintiff's civil rights. (ECF DKT #1 at 5). The Complaint is unclear as to the nature of the state court proceedings at issue here or the status of those proceedings.

4

### *The Younger abstention doctrine*

To the extent that Plaintiff is asking this Court to intervene in an ongoing state court proceeding, the Court may not do so. A federal court must abstain from interfering with pending state court proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford plaintiff with an adequate opportunity to raise federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (applying *Younger* to noncriminal judicial proceedings when important state interests are involved). Juvenile court and domestic relations proceedings implicate important state interests. *See Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir. 1994) ("[T]he state proceedings involve a paramount state interest, *i.e.,* domestic relations law."); *see also Freeman v. Div. of Children & Family Servs.*, No. 1:18 CV 471, 2018 WL 2868799, at *2 (N.D. Ohio June 11, 2018) ("The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state juvenile court action.").

With respect to the third factor, it is Plaintiff's burden to demonstrate that she is barred from presenting her federal claims in state court proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987). Where Plaintiff has not yet presented her federal claims in state court, this Court should assume that state procedures will provide her with an adequate opportunity to do so absent "unambiguous authority to the contrary." *Id*. at 15. Here, there are no allegations in the Complaint from which the Court can infer that state court procedures will not afford Plaintiff an adequate opportunity to raise her federal claims in state court. Therefore, to the extent that the

state court proceedings at issue here remain pending, the second and third factors of the *Younger* abstention analysis are satisfied and the Court abstains from interfering with those pending proceedings.

### *The Rooker-Feldman doctrine*

To the extent that Plaintiff is seeking to challenge the outcome of completed state court proceedings, this Court lacks jurisdiction to do so pursuant to the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1932). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of a state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass,* 908 F.2d 293, 296-97 (8th Cir. 1990) (quoting *Pennzoil*, 481 U.S. at 25)), amended on other grounds 243 F.3d 234 (6th Cir. 2001). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16. Accordingly, to the extent that Plaintiff is seeking appellate review of any state court proceeding, the Court lacks jurisdiction to entertain such an appeal.

## III.  CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e) and closed.  Plaintiff's Motion to proceed *in forma pauperis* is granted.  (ECF DKT #2).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                           /s/Christopher A. Boyko
                                           **CHRISTOPHER A. BOYKO**
                                           **United States District Judge**

**Dated: 6/21/19**